Filed 8/7/23 Anne N. v. David O. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ANNE N., <br><br> Respondent, <br><br> v. <br><br> DAVID O., <br><br> Appellant. | B321152 <br><br> (Los Angeles County Super. Ct. No. 21PDRO01239) <br><br> ORDER MODIFYING OPINION AND GRANTING REQUEST FOR CONFIDENTIALITY OF NAMES <br><br> [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion in the above-entitled matter filed on July 21, 2023, be modified as follows:

In all instances where appellant is identified by his proper name, replace with "David O."

In all instances where respondent is identified by her proper name, replace with "Anne N."

On page 1, in the last sentence of the first paragraph which now begins, "In this appeal, we reject appellant David O.'s argument that substantial evidence does not support the order protecting his wife, Anne N.[,]" add as footnote 2 at the end of the sentence the following footnote, which will require renumbering of all subsequent footnotes:

> [2] At respondent's request and in the interests of privacy, we do not use the parties' full names and refer to the third party witness by her initials.

There is no change in judgment.

_____

ROTHSCHILD, P. J.     BENDIX, J.     WEINGART, J.

Filed 7/21/23  Nyarangi v. Ofumbi CA2/1 (unmodified opinion)
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ANNE NYARANGI, | B321152 |
| Respondent, | (Los Angeles County Super. Ct. No. 21PDRO01239) |
| v. | |
| DAVID WESLEY OFUMBI, | |
| Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Timothy Martella, Judge.  Affirmed.

Okabe and Haushalter, Mark J. Haushalter; Kravis, Graham & Zucker and Bruce Zucker for Appellant.

Cage & Miles and John T. Sylvester for Respondent.

_____

The Domestic Violence Prevention Act (DVPA) (Fam. Code, § 6200 et seq.)[1] authorizes a court to issue a protective order to prevent recurrence of domestic violence. (*Conness v. Satram* (2004) 122 Cal.App.4th 197, 200.) The DVPA broadly defines abuse to include not only acts causing bodily injury, but also acts placing a person in apprehension of injury, harassment, and disturbing a domestic partner's peace. (§§ 6203, subd. (a) & 6320, subd. (a).) In this appeal, we reject appellant David Wesley Ofumbi's argument that substantial evidence does not support the order protecting his wife, Anne Nyarangi.

## BACKGROUND

Nyarangi and Ofumbi married in August 2004. They have two children. On November 10, 2021, Nyarangi filed a request for a domestic violence restraining order and a supporting declaration.[2] The trial court granted a temporary restraining order and set a hearing, after which the court issued a three-month restraining order, which Nyarangi later renewed for a five-year period.

### 1.  *Hearing*

At a hearing on April 18, 2022, Jennica Melendez testified in favor of Nyarangi, whom she knew from church. In December 2020, Melendez observed Ofumbi at a virtual church service. Nyarangi was playing guitar as part of that service,

---

[1] Undesignated statutory citations are to the Family Code.

[2] In her respondent's brief, Nyarangi relies on statements in her declaration. Ofumbi argues we cannot consider these statements. For purposes of this appeal, we rely on only the evidence admitted at the hearing itself.

when Ofumbi "grabbed the guitar out of her hand." According to Melendez, the incident "rattled" Nyarangi. (For ease of reference, we refer to these events as the "guitar incident." )

Nyarangi testified with respect to the guitar incident that Ofumbi "just grabbed the guitar from my hands . . . and threw it across their room." When Ofumbi took the guitar out of Nyarangi's hands, he said, " '[Y]ou can't do this' " and accused of her of being "good for nothing" and " 'making noise.' "

Nyarangi testified about other incidents with Ofumbi. On March 3, 2021, Ofumbi grabbed Nyarangi, who was seated on a couch and talking on the phone to family members. According to Nyarangi, Ofumbi "pulled [her] and threw [her] down" because he did not want Nyarangi to talk to her family. Subsequently, when Nyarangi received a message that her mother had died, Ofumbi told her not to communicate with her family. Nyarangi testified that on November 3, 2021, Ofumbi grabbed her upper arm, twisting it and squeezing it "hard . . . and then also shoved [her] and pushed [her] through the hallways. Ofumbi berated Nyarangi as "dirty, . . . good for nothing, . . . . stupid, . . . [and] foolish . . . ." One of the children said, " '[D]ad stop.' " The other cried. Nyarangi saw one child push Ofumbi to prevent him from hurting her.

Nyarangi also testified that, at the time of the hearing, she was in pain from an incident several years earlier when Ofumbi sat on her. Also, according to Nyarangi, Ofumbi had a "habit" of "alienating [her] from the children," for example by telling her to leave the children's room and then placing "his hands . . . on [her]."

Nyarangi worried about calling the police because (1) she was afraid Ofumbi may harm the children, (2) Ofumbi told her

3

she could "lose [her] immigration status," and (3) the police could harm Ofumbi. Nyarangi moved out of the family home on November 9, 2021 to a "safe place," which she did not identify. She left the family home because it was unsafe, but not until she had found a safe place in which to live. On November 9, 2021, Nyarangi reported Ofumbi's abuse to the police.

Ofumbi testified he never physically harmed Nyarangi nor put his hands on her "offensively to harm." Ofumbi stated he "did not yank the guitar" from her during the church service, but instead, was upset because she had not fed the children and had "refused to listen to [him], to cooperate so that we see how to give our children food." Ofumbi further explained, "[W]orship is not acceptable to God when the children are hungry." He stated his concern "was not the guitar. [His] concern was her worship is not acceptable before God, and that's the word of God."

Ofumbi remembered a different version of the November 3, 2021 incident. He claimed that on that date, he had asked the children to clean their room but they initially did not heed his request. When he finally persuaded the children to clean their room, Nyarangi, "for the first time, came, stormed the room while we were cleaning . . . ." Ofumbi asked Nyarangi to leave the room because she was interrupting the cleaning process. Nyarangi then returned to the room and for four minutes berated one of the children for using money "to buy candy" stating, "That girl eats candy." He further recounted that he "pleaded with her to stop yelling those [*sic*] rantful abuse to the daughter." Ofumbi stated, "[T]he ranting is the very thing that the child has been complaining about, that this [ranting] means we hate her. Sadly, when I told her [Nyarangi] to stop and she continued, it was clear to me that this was premeditated provocation to claim abuse."

4

Holding Nyarangi close "to [his] chest, Ofumbi asked her to stop and when she refused, she started "ranting at her high top pitch. And when I held her hand, that [is] now when she screamed alleging that I abused her. And I told her, 'Anne, you are stage-managing your abuse.' " Ofumbi testified that he was just trying to protect his daughter from "mental anguish." Ofumbi denied touching or squeezing Nyarangi's upper arms.

Ofumbi testified he never yelled at Nyarangi. According to Ofumbi, Nyarangi did not have "access to funds that [Ofumbi] brought into the marriage." Also, according to Ofumbi, between the November 3, 2021 incident and November 9 when Nyarangi reported the abuse, Nyarangi did not "express any fear or anger" towards him.

During Ofumbi's testimony, the trial court asked him to "calm down." Multiple times, the court stopped Ofumbi and requested his counsel to ask the next question. The court also had to instruct Ofumbi to "[j]ust answer the question" and to "[w]ait" for the question. When the court told Ofumbi to wait for the question, Ofumbi responded "This is very important—[.]" Shortly afterwards, the court again instructed Ofumbi to "[w]ait for a question." During cross-examination, the court asked Ofumbi to stop speaking at the same time as Nyarangi's counsel.

## 2. *Trial court findings*

After the hearing, the court stated, "The court does find sufficient evidence to issue a restraining order. I think this gentleman appears to have been very oppressive to his wife for some period of time. [¶] The guitar incident was the most telling of all in his explanation about it all. And I believe her that he did snatch the guitar out of her hands, or he somehow stopped her from playing in front of the congregation . . . because of some rule

5

that he quotes from God." The court continued, Ofumbi "can become a very amped up individual. He did while he was on the witness stand. He was hard to control. And I think that's reflected and bolsters the testimony of" Nyarangi." The court set the restraining order to expire on July 30, 2022.

Ofumbi timely appealed from the domestic violence restraining order. The trial court later issued an order to renew the domestic violence order through April 17, 2028.[3]

## DISCUSSION

Ofumbi argues there was insufficient evidence to support the trial court's finding that he abused Nyarangi.[4] He argues the guitar incident does not constitute abuse under section 6203. Finally, he contends his challenge to the sufficiency of evidence is not moot even though the initial restraining order expired in July of 2022. We need not decide this issue because we choose to

---

[3] We grant respondent's unopposed request to take judicial notice of the order renewing the domestic violence restraining order. We also grant both parties' (separate) requests for judicial notice of the trial court's case information summary.

[4] In his opening brief, Ofumbi does not challenge the restraining order as it applies to the children. In his reply brief, he merely states that the record does not support "the immediacy of possible harm to any of the protected persons." Ofumbi has forfeited challenging the sufficiency of evidence supporting inclusion of the children as protected persons. (*Golden Door Properties, LLC v. Superior Court* (2020) 53 Cal.App.5th 733, 786 ["issues not addressed as error in a party's opening brief with legal analysis and citation to authority are forfeited"].) The record shows that the trial court ordered a report to assess Ofumbi's visitation and custody, but that report is not included in the record.

6

consider the merits of Ofumbi's claim.  (See *In re D.P.* (2023) 14 Cal.5th 266, 282 [court has inherent discretion to reach merits of dispute even if dispute is technically moot].)

### Legal Background

For purposes of a restraining order, section 6203 defines abuse as "intentionally or recklessly caus[ing] or attempt[ing] to cause bodily injury," "[s]exual assault," or placing a person in "reasonable apprehension of imminent serious bodily injury . . . ." (§ 6203, subd. (a).)  Section 6203 also defines abuse as "engag[ing] in any behavior that has been or could be enjoined pursuant to Section 6320."  (§ 6203, subd. (a)(4).)  Section 6320 authorizes the court to issue an ex parte order "enjoining a party from molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, credibly impersonating . . . harassing, telephoning, . . . destroying personal property, contacting, either directly or indirectly, by mail or otherwise, coming within a specified distance of, or disturbing the peace of the other party, and, in the discretion of the court, on a showing of good cause, of other named family or household members.  (§ 6320, subd. (a).) " '[T]he plain meaning of the phrase "disturbing the peace of the other party" in section 6320 may be properly understood as conduct that destroys the mental or emotional calm of the other party.' [Citations.]"  (*N.T. v. H.T.* (2019) 34 Cal.App.5th 595, 602; see also *In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, 1497.)

We review the grant of a restraining order for abuse of discretion, and the factual findings supporting the restraining order for substantial evidence.  In doing so, we resolve all conflicts in evidence and take all inferences in favor of upholding the trial court's order.  (*Parisi v. Mazzaferro* (2016) 5 Cal.App.5th

7

1219, 1226, disapproved on another ground in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7.)

Here, substantial evidence supports the trial court's findings that Ofumbi abused Nyarangi. The record shows Ofumbi intentionally or recklessly attempted to cause bodily injury on at least two occasions. In March 2021, Ofumbi pulled Nyarangi and threw her to the ground. In November 2021, Ofumbi twisted Nyarangi's arm, squeezing it "hard," and then shoved and pushed her through the hallway. Additionally, as witnessed by Melendez, Ofumbi disturbed Nyarangi's peace when he grabbed the guitar she was playing as part of a church worship service. Although Ofumbi correctly points out that there was no evidence Nyarangi sought treatment for any purported resulting injury, seeking treatment is not a prerequisite to finding abuse under section 6203. (§ 6203, subd. (b) ["Abuse is not limited to the actual infliction of physical injury or assault."]; see also *Phillips v. Campbell* (2016) 2 Cal.App.5th 844, 852–853.)

Ofumbi argues Nyarangi was not in fear of imminent bodily injury and did not suffer disturbance of her peace of mind because she did not move out of the family home or contact police immediately after any alleged abusive act. To the contrary, that she moved out later demonstrates she was apprehensive of Ofumbi's physical and emotional abuse and any delay in moving out Nyarangi explained was due to locating a new place in which to live. To the extent, Ofumbi is arguing her failure to move out immediately demonstrates that Nyarangi's testimony was not credible, the argument fails because the trial court expressly found her credible and that Ofumbi's conduct towards Nyarangi mirrored Ofumbi's "amped up" conduct in court. We do not reassess credibility on appeal. (See *Gonzalez v. Munoz* (2007)

156 Cal.App.4th 413, 420 [reviewing court " 'has no authority to substitute its decision for that of the trial court' "].)

## DISPOSITION

The domestic violence restraining order is affirmed. Costs are awarded to Anne Nyarangi.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.